UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
59 Maiden Lane
New York, New York 10038
    Felice B. Ekelman (FE5692)
    Mitchell Boyarsky (MB7995)

| | |
|---|---|
| THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS WELFARE FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTES VACATION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS ANNUITY FUNDS, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR MANAGEMENT COOPERATION FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN, As TRUSTEES,<br><br>       Plaintiffs,<br><br>    -vs-<br><br>TWINS INTERIORS, INC.,<br><br>       Defendant. | Civil Action No. 07 Civ. 7947 (GEL)<br><br><br>**ANSWER TO COMPLAINT** |

Defendant Twin Interiors Inc. (referred to herein as "Twin Interiors"), by and through its undersigned attorneys, respectfully submits the following Answer to Plaintiffs' Complaint ("Complaint" or "Plaintiffs' Complaint") in the above-captioned case.

### AS TO "NATURE OF THE CASE"

1. Defendant denies that allegations in Paragraph "1" of Plaintiffs' Complaint, except avers that Plaintiffs purport to bring this action to enforce an arbitrator's award.

### AS TO "JURISDICTION"

2. Defendant denies the allegations in Paragraph "2" of Plaintiffs' Complaint, except avers that Plaintiffs purport to bring the action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3)(B)(ii), (d)(1) and (g), Section 515 of ERISA, 29 U.S.C. § 1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9.

3. Defendant denies the allegations set forth in Paragraph "3" of Plaintiffs' Complaint, except avers that Plaintiffs seek to assert personal jurisdiction pursuant to Section 5029e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

### AS TO "VENUE"

4. Defendant admits the allegations set forth in Paragraph "4" of Plaintiffs' Complaint.

### AS TO "PARTIES"

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph "5" of Plaintiffs' Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph "6" of Plaintiffs' Complaint.

7. Defendant admits the allegations set forth in Paragraph "7" of Plaintiffs' Complaint.

8. Defendant admits the allegations set forth in Paragraph "8" of Plaintiffs' Complaint.

## AS TO "FIRST CLAIM FOR RELIEF"

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph "9" of Plaintiffs' Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph "10" of Plaintiffs' Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph "11" of Plaintiffs' Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph "12" of Plaintiffs' Complaint, except aver that a copy of an arbitration award issued by Robert Herzog is attached to the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph "13" of Plaintiffs' Complaint, and refers the Court to the arbitrator's award for the true meaning of that document.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph "14" of Plaintiffs' Complaint, and refers the Court to the arbitrator's award for the true meaning of that document.

15. Defendant denies each and every allegation set forth in Paragraph "15" of Plaintiffs' Complaint.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

16. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages can be awarded.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

17. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

18. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to exhaust their internal remedies prior to initiating the instant litigation.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

19. Because The New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Funds, New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, New York City District Council of Carpenters Charity Fund, and The New York City and Vicinity Carpenters Labor Management Cooperation Fund are not proper parties to this litigation pursuant to Sections 502(a)(3) and 515 of ERISA, its claims against Defendant should be dismissed.

WHEREFORE, Defendant prays that the Court should:

a.    dismiss the Plaintiffs' claims with prejudice;

b.    deny each and every demand, claim and prayer for relief contained in the Complaint;

4

      c.     award costs and disbursements of this action, including reasonable attorney's fees; and,

      d.     enter judgment in favor of Defendant and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

By: _____
Felice B. Ekelman (FB 5692)
Mitchell Boyarsky (MB 7995)

ATTORNEYS FOR DEFENDANT

Dated:  November 30, 2007
New York, New York

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2007, I caused a true and correct copy of Defendant's Answer to be served via First-Class Mail by depositing a true copy into an official depository under the exclusive care and custody of the United States Postal Service addressed as follows:

Andrew Grabois, Esq. (AG 3192)
*ATTORNEY FOR PLAINTIFFS*
O'DWYER & BERNSTEIN, L.L.P.
52 Duane Street
New York, New York 10007

Ruth Grabeck

H:\BoyarskyM\Twins Interior\Legal\Answer.doc